UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHRISHTI LNU, | |
| Petitioner, | Case No. C26-635-MLP |
| v. | ORDER |
| LAURA HERMOSILLO, *et al.*, | |
| Respondents. | |

Petitioner Shrishti LNU, through counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging as unlawful her redetention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. (Dkt. # 1.) Respondents have filed a return (dkt. # 7), together with supporting declarations from ICE Deportation Officer Anthony Rosa (dkt. # 8) and Respondents' counsel Alixandria K. Morris (dkt. # 9).[1] Having reviewed the parties' submissions and the governing law, the Court GRANTS the petition (dkt. # 1).[2]

---

[1] Petitioner's reply to the return is due March 16, 2026. (Dkt. # 4.) The Court finds habeas relief warranted and, accordingly, finds it unnecessary to wait for the reply.

[2] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

## I.   BACKGROUND

Petitioner, a native and citizen of India, entered the United States without admission near Mooers, New York, on or about August 31, 2024, was apprehended, found inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), and released on an Order of Release on Recognizance ("OREC") with Alternatives to Detention ("ATD") conditions. (Shristi Decl. (dkt. # 2), ¶¶ 1-2; Rosa Decl., ¶¶ 3-5; Morris Decl., Exs. 1-3.) With ICE's approval, she relocated to Washington, filed for asylum, and continued to report under ATD. (Shristi Decl., ¶¶ 3-6, 8; Rosa Decl., ¶ 7.)

Between July and November 2025, the ATD contractor recorded multiple alleged violations (missed biometric check-ins, a failed biometric match, and missed callbacks), which ICE deemed noncompliance with her OREC. (Rosa Decl., ¶¶ 8-9.) On January 13, 2026, Petitioner reported for a scheduled check-in, was arrested by ICE based on those alleged violations, had her OREC revoked, and was transferred to NWIPC, where she remains detained. (Shristi Decl., ¶ 4; Rosa Decl., ¶ 10; Morris Decl., Ex. 4.) Petitioner maintains she had not missed appointments and was told only that she was being detained for "missing appointments." (Shristi Decl., ¶ 4.) Her removal proceedings are pending, with an individual hearing set for March 31, 2026. (Rosa Decl., ¶¶ 11-14.)

On February 23, 2026, Petitioner filed this habeas petition, asserting that her redetention without prior notice or a pre-deprivation hearing violates the Due Process Clause and seeking immediate release and prospective injunctive relief. (Dkt. # 1.)

## II.   LEGAL STANDARDS

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). This authority extends to challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may obtain relief by showing that he is "in custody

ORDER - 2

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

### III.  DISCUSSION

The material facts are not in dispute. Petitioner entered without inspection, was served with a Notice to Appear, affirmatively released into the community on OREC with ATD conditions, relocated with ICE's approval, filed for asylum, and lived under supervision while pursuing her case. ICE later revoked her release and redetained her at a routine check-in based on alleged ATD violations, without prior notice of those allegations and without any meaningful opportunity to be heard.

**A.    Section 1225(b)**

Respondents contend that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and that this status ends the due process inquiry, relying on § 1225(a)(1), *Jennings v. Rodriguez*, 583 U.S. 281 (2018), and the Fifth Circuit's nonbinding decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). (Dkt. # 7 at 6-7.) This Court, consistent with prior decisions in this District, declines to adopt that expansive construction of § 1225(b) or to treat it as eliminating the due process protections owed to noncitizens who have been released into the community. *See, e.g.*, *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1324 (W.D. Wash. 2025); *Singh v. Bondi*, 2026 WL 538414, at *2 (W.D. Wash. Feb. 26, 2026); *G.S. v. Hermosillo*, 2026 WL 179962, at *3 n.2 (W.D. Wash. Jan. 22, 2026); *P.T. v. Hermosillo*, 2025 WL 3294988, at *2 n.1 (W.D. Wash. Nov. 26, 2025).

B.    *Matthews* Test

Under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court weighs: (1) the private interest affected; (2) the risk of erroneous deprivation and value of additional safeguards; and (3) the government's interests and burdens. *See*, *e.g.*, *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025).

Respondents argue that because Petitioner is an "applicant for admission" subject to mandatory detention and because they view her as a "special case" given alleged repeated ATD violations, due process did not require a pre-deprivation hearing and, at most, would require only post-deprivation review. (Dkt. # 7 at 8-10.) That position is inconsistent with the Due Process Clause and with the approach courts in this Circuit have taken when ICE redetains previously released noncitizens. Applying *Mathews* here, all three factors favor Petitioner.

First, Petitioner's interest in remaining free from physical confinement after months of supervised release on OREC/ATD is a substantial liberty interest, even if her initial detention was under § 1225(b) and she is labeled an "applicant for admission." *See Zadvydas*, 533 U.S. at 690; *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025).

Second, ICE revoked Petitioner's release at a routine check-in based solely on internal ATD entries, without prior written notice, without specifying the alleged violations in advance, and without any meaningful opportunity to be heard, even though Petitioner asserts she believed she was compliant and was told only that she was being detained for "missing appointments." Proceeding on untested contractor and agency records, with no mechanism for explanation or correction, creates a significant risk of error. A brief pre-deprivation custody hearing would have

ORDER - 4

substantial value in testing the factual and legal basis for redetention. *See Ramirez Tesara*, 800 F. Supp. 3d at 1137; *E.A. T.-B.*, 795 F. Supp. 3d at 1324.

Third, while the Government has legitimate interests in enforcement and ensuring appearance, Respondents identify no concrete way in which providing such a short pre-deprivation hearing would materially impair those interests, particularly given Petitioner's prior compliance under supervision. Custody hearings are routine, and courts in this District have found the marginal administrative burden modest and outweighed by the liberty interest at stake. *See Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189, 1203 (W.D. Wash. 2025); *E.A. T.-B.*, 795 F. Supp. 3d at 1324.

### IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1)   The petition for writ of habeas corpus (dkt. # 1) is GRANTED;

(2)   Respondents shall immediately release Petitioner from immigration custody, subject to appropriate conditions of supervision consistent with existing statutory and regulatory authority;

(3)   Within **two (2) business days**, Respondents shall file a notice with the Court confirming Petitioner's release; and

(4)   Respondents shall not redetain Petitioner without notice and a meaningful opportunity to be heard, unless Petitioner's redetention is expressly required by statute.

Dated this 11th day of March, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5